**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    16-10453 |
| Plaintiff-Appellee, | D.C. No. 4:15-cr-01340-RM-LAB-1 |
| v. | |
| NORMA LAURA MANJARREZ, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Rosemary Marquez, District Judge, Presiding

Argued and Submitted February 16, 2018
San Francisco, California

Before:  SCHROEDER, TORRUELLA,[**] and RAWLINSON, Circuit Judges.

Norma Laura Manjarrez appeals her jury conviction of one count of

conspiracy and one count of transporting an illegal alien for profit, in violation of 8

U.S.C. § 1324(a)(1)(A)(ii), (a)(1)(A)(v)(I), and (a)(1)(B)(i).  She received a four-

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Juan R. Torruella, United States Circuit Judge for the First Circuit, sitting by designation.

month sentence of imprisonment and two years of supervised release on each count, to run concurrently.

Her appeal centers around the cell phone that border patrol agents confiscated at the time of her arrest and that was subsequently, mistakenly, destroyed. She moved to dismiss her indictment, but failed to object to the Magistrate Judge's Report and Recommendation that her motion be denied, so review for plain error is appropriate. *See United States v. Olano*, 507 U.S. 725, 731–32 (1993). Even if we were to review her claim of bad faith for clear error, however, we would have to affirm the conviction. *See United States v. Sivilla*, 714 F.3d 1168, 1172 (9th Cir. 2013) (citation omitted) (reviewing finding of absence of bad faith for clear error).

**1.** Manjarrez contends that the phone contained exculpatory evidence showing that her calls were related to her bakery business rather than alien smuggling. To constitute grounds for dismissal, there must be bad faith on the part of the government agents. *See Arizona v. Youngblood*, 488 U.S. 51, 58 (1988). In order to establish bad faith in connection with the destruction of evidence, there must be knowledge on the part of the government of the "apparent exculpatory value of the evidence at the time it was lost or destroyed." *United States v. Cooper*, 983 F.2d 928, 931 (9th Cir. 1993) (citing *Youngblood*, 488 U.S. at 56–57

2

n.*).  There is no suggestion in this record that the agents knew of any exculpatory value at the time it was destroyed.  Even assuming the government knew of some exculpatory value, there is no evidence of bad faith in relation to the destruction. *See Youngblood*, 488 U.S. at 58; *California v. Trombetta*, 467 U.S. 479, 488 (1984).  The record reflects the government did not want the phone destroyed and the government's good faith can be inferred from the evidence that it was attempting to secure a search warrant for the phone at the time it was accidentally destroyed.

**2.**  Because there was no bad faith, there was no violation of due process. *See Sivilla*, 714 F.3d at 1172 (citations omitted).  Moreover, Manjarrez had "alternative means of demonstrating [her] innocence." *Youngblood*, 488 U.S. at 56 (quoting *Trombetta*, 467 U.S. at 490).  She could have called her customers or her family and friends to corroborate her defense.

**3.**  Finally, even if the government's negligent conduct could give rise to doubts about the contents of the information on the phone, any problem was cured by the giving of an adverse inference instruction, as requested by Manjarrez. *See Sivilla*, 714 F.3d at 1173–74.

**AFFIRMED**.